## CLEVELAND BAR ASSOCIATION

v.

## FINK.

Board of Commissioners on the
Unauthorized Practice of Law.

No. UPL–93–1.

Decided July 11, 1994.

*John T. Billick, John J. Prince* and *Anne L. Kilbane,* for relator Cleveland Bar
Association.

JOHN W. WADDY, JR., Chairman.

This matter came before the Board of Commissioners on the Unauthorized
Practice of Law for hearing on October 4, 1993. Members of the board present

and participating in this decision were John W. Waddy, Jr., Chairman, Jack R. Baker, Craig D. Barclay, Paul D. Frankel, and Paul M. Greenberger.

On June 24, 1993, the parties filed a joint Stipulation of Facts and Waiver of Notice and Hearing. Therefore, the parties and their counsel did not appear at the hearing and the board had before it the complaint and stipulation, respondent not having filed an answer.

Portions of the stipulation read as follows:

"2. Respondent Frank M. Fink is not licensed or otherwise authorized to practice as an attorney-at-law. Relator has alleged that Respondent has engaged in activities which constitute the unauthorized and improper practice of law.

"3. The Respondent has prepared legal documents and offered legal advice and consultation by preparing the Last Will and Testament for individuals residing in Cuyahoga County, Lucy Buchanan, Sr., and her daughter, Lucy Buchanan (hereinafter the 'Buchanans'); and appointed himself as executor of the estate of the Buchanans. Copies of the Last Will and Testament of each of the Buchanans are attached to the Complaint and Certificate in this cause as Exhibits A and B, respectively.

"4. The conduct engaged in by the Respondent is in violation of the laws of the State of Ohio as set forth in Chapter 4705, Ohio Revised Code, and the controlling decision of the Supreme Court of Ohio.

"5. Respondent has derived income from the above-described activities."

After careful review of the complaint, stipulation, and the applicable law, it is the conclusion of the board that respondent engaged in the unauthorized practice of law by the preparation of legal documents and the offering of legal advice and consultation by preparing last wills and testaments, from which respondent derived income.

The board therefore authorizes relator Cleveland Bar Association to commence an action in a court of competent jurisdiction for the purpose of obtaining a judicial determination whether respondent Frank M. Fink has engaged in the unauthorized practice of law, and to seek appropriate injunctive relief.

Relator shall notify the Secretary of the board of all subsequent proceedings in this matter and shall send the Secretary a copy of any judgment, order, or settlement agreement filed in a subsequent court proceeding.

Pursuant to Gov.Bar R. VII(9), relator may seek reimbursement from the board for expenses and attorney fees incurred in the prosecution of this matter in any court.

A copy of this opinion shall be served upon relator, respondent, all counsel of record, Disciplinary Counsel, and the Ohio State Bar Association. Also, because

paragraph 4 of the stipulation states that respondent agrees that his conduct was in violation of R.C. Chapter 4705, a copy shall be sent to the Prosecuting Attorney of Cuyahoga County.

*So ordered.*